IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    12-cv-00634-WJM-MJW

ZAFIE CRAFT,

Plaintiff,

v.

TARGET CORPORATION,

Defendant.

---

**ORDER ON
MOTION TO STRIKE DEFENDANT'S DESIGNATION OF NON-PARTY AT FAULT
(Docket No. 11)
AND
MOTION TO RECONSIDER ENTRY OF MAY 18, 2012 MINUTE ORDER
(Docket No. 16)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 7)

issued by Judge William J. Martinez on March 19, 2012.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Zafie Craft asserts the following in her Complaint (Docket No. 5).  On the

afternoon of January 13, 2012, plaintiff was a lawful invitee on the premises of a Target

Corporation store located at 4301 East Virginia Avenue, Glendale, CO 80246.  Plaintiff

slipped and fell on a puddle of water while in the checkout lane on the premises.

Plaintiff's sole claim for relief is for premises liability under Colo. Rev. Stat.  § 13-21-

115.

2

**PENDING MOTIONS**

Now before the court are the Motion to Strike Defendant's Designation of Non-Party at Fault (Docket No. 11) and the Motion to Reconsider Entry of May, 18, 2012 Minute Order (Docket No. 16).  The court has carefully considered the Complaint (Docket No. 5), plaintiff's motion to strike (Docket No. 11), defendant's motion for reconsideration (Docket No. 16), defendant's response (Docket No. 19), and plaintiff's reply (Docket No. 21).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendant is correct that it had until May 21, 2012 to file a response to plaintiff's motion to strike.  Accordingly, the court will enter an order on plaintiff's motion to strike on its merits.

Plaintiff argues that defendant's Designation of Non-Party at Fault (Docket No. 9) filed on April 4, 2012 should be stricken.  Plaintiff contends the designation is vague, lacks required information, and "would require the fact finder to apply pure speculation, surmise, and conjecture in finding an unidentified person contributory [sic] negligent."  Accordingly, plaintiff argues that defendant has failed to make a prima facie case that the nonparty's negligence could have caused the spill.

In response, defendant argues that at this time it need not submit all the evidence necessary to prove that a nonparty was at fault.  Rather, defendant argues it must simply satisfy the nonparty statute's requirement of a brief statement of the basis for believing such nonparty to be at fault, which defendant has done.

"Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault . . . .  The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault."  C.R.S. § 13-21-111.5(3)(b).  The designation of an unknown person is permissible as long as the designation otherwise complies with C.R.S. § 13-21-111.5(3).  See Pedge v. RM Holdings, Inc., 75 P.3d 1126, 1128 (Colo. App. 2002); see also Fed. Deposit Ins. Corp. v. Isham, 782 F. Supp. 524, 530 (D. Colo. 1992) (stating that the best identification under the circumstances, which does not necessarily include the nonparty's name, is all that is required).

A nonparty designation should be stricken as insufficient as a matter of law if the designating party fails to establish a prima facie case of negligence.  See Stone v. Satriana, 41 P.3d 705, 709 (Colo. 2002); Redden v. SCI Colo. Funeral Servs., Inc., 38 P.3d 75, 80-81 (Colo. 2001).  "In order to establish a prima facie case for negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, i.e., that the defendants' breach caused the plaintiff's injury."  HealthONE v. Rodriquez ex rel. Rodriquez, 50 P.3d 879, 888 (Colo. 2002).  Negligence need not be proved in the designation; rather, the designating party need only connect alleged facts with the elements of negligence.  Redden, 38 P.3d at 81.

Defendant's designation briefly describes the circumstances of plaintiff's slip and fall.  Docket No. 9 ¶ 1.  It goes on to explain that the area where plaintiff fell is a "dry

4

area" where there is "no source of water" and no Target employee placed the water in

the area.  Docket No. 9 ¶ 2.  Finally, the designation states that

> [u]pon information and belief, an unknown guest spilled the water in which
> Plaintiff slipped and fell.  The unknown person who spilled the water where
> invitees purchase their items owed a duty to persons in the Plaintiff's
> position to act in a reasonable manner so as to avoid creating a hazard in
> which a person such as the Plaintiff might be injured.  The unknown
> person also owed a duty to persons in the Plaintiff's position to warn
> others of the hazard he or she created.  To the extent the allegations in
> Plaintiff's Complaint are true, the unknown person responsible for spilling
> the water where invitees purchase their items at the Target store breached
> his or her duty of care, thereby causing damages to be sustained by
> Plaintiff.

Docket No. 9 ¶ 3.  The court finds, that under the circumstances of the case,

defendant's designation establishes a prima facie case for negligence.

First, it is not reasonable to expect defendant to be able to identify the

designated nonparty at this time.  Defendant's designation contends that a person other

than a Target employee spilled the water in question.  Defendant states in its response

that the area where the spills occurred was not recorded by a surveillance camera and

no Target employee saw an individual spill the water.  Therefore, under the

circumstances, defendant took reasonable steps to identify the nonparty and found that

identification was not possible.  See Isham, 782 F. Supp. at 529-30 (stating that

designation of a nonparty requires a reasonable factual investigation and the

"determination of whether the best identification possible has been made under the

circumstances must take into account whether [the defendant] conducted or could have

conducted a reasonable investigation").  Accordingly, the court finds that defendant's

designation of an unidentified nonparty is proper.

Second, plaintiff's argument that defendant "must furnish a factual basis arising

5

out of more than mere surmise, speculation, or conjecture, and must be supported by

substantial evidence" is misplaced.  This standard cited by plaintiff describes what is

required to *prove* negligence of a nonparty.  See Gordon v. Clotsworthy, 257 P.2d 410,

411 (Colo. 1953) (reviewing judgment entered after a directed verdict was ordered by

the court); Ramirez v. Mixsooke, 907 P.2d 617, 619 (Colo. App. 1994) (reviewing

judgment entered after a jury found the nonparty to be at fault).  A nonparty designation

is not required to prove negligence or provide evidence; it need only connect alleged

facts to the elements of negligence.  Redden, 39 P.3d at 81.

Accordingly, the court must determine if defendant's designation meets this

standard and establishes a prima facie case for negligence.  Defendant argues that,

because the fall happened in a "dry area," if neither a Target employee nor plaintiff

spilled the water, it can be inferred that an unidentified invitee did.  Although defendant

does not specifically name it, defendant is arguing that a prima facie case of negligence

is established under the doctrine of *res ipsa loquitor*.

"*Res ipsa loquitor* is a rule of evidence which defines the circumstances under

which a presumption of negligence will arise."  Bilawsky v. Faseehudin, 916 P.2d 586,

589 (Colo. App. 1995).  "This presumption occurs when an unexplained event creates a

prima facie case of negligence without proof of specific misfeasance."  Id.  The

elements of *res ipsa loquitor* are : (1) the event is the kind that ordinarily does not occur

in the absence of negligence; (2) responsible causes other than the defendant's

negligence are sufficiently eliminated by the evidence; and (3) the presumed negligence

is within the scope of the defendant's duty to the plaintiff.  Ravin v. Gambrell By &

Through Eddy, 788 P.2d 817, 822 (Colo. 1990).

6

In the context of a nonparty designation, where defendant need only connect alleged facts to the elements of negligence, it follows that defendant need only do the same with the elements of *res ipsa loquitor*.  The court finds that defendant's designation does just that.  First, in describing the area in question as "dry," defendant implies that some person had to bring water into the area, spill it, and not clean it up.  Thus, defendant alleges an event that ordinarily does not occur in the absence of negligence.  Similarly, the "dry area" described by defendant is an allegation which eliminates causes for the water spill other than the nonparty's.  Finally, the presumed negligence of spilling the water is within the scope of the nonparty's alleged duty to avoid creating a hazard and/or to warn others of the hazard.  The court finds that defendant's designation connects alleged facts to the elements of *res ipsa loquitor*, which in turn connects alleged facts to the elements of negligence.  Therefore, defendant's nonparty designation is proper.

The court notes that its findings are limited to a determination on plaintiff's motion to strike.  The court's findings are not applicable to future issues involving the designated nonparty, wherein different standards may be applicable.

## ORDER

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Reconsider Entry of May 18, 2012 Minute Order (Docket No. 16) is **GRANTED** and the May 18, 2012 Minute Order (Docket No. 15) is **VACATED**.  It is further

**ORDERED** that plaintiff's Motion to Strike Defendant's Designation of Non-Party

7

at Fault (Docket No. 11) is **DENIED** and defendant's Designation of Non-Party at Fault

(Docket No. 9) is not stricken.


Date:  May 31, 2012                          s/ Michael J. Watanabe
        Denver, Colorado                 Michael J. Watanabe
                                   United States Magistrate Judge