IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-00634 – WJM – MJW

ZAFIE CRAFT,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS**
( Docket #e 32-1 )

---

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT **IS ORDERED**:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall include any documents, information or testimony believed in good faith by a party, its counsel, or third parties producing information in connection with this litigation to contain trade secrets or other proprietary and confidential commercial and/or personal information as described or referenced in F.R.C.P. 26(c) or which are already subject to confidentiality agreements or orders separate and apart from this litigation. All Confidential information produced in this litigation shall be used solely for the prosecution and/or defense of this litigation and for no other purpose.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and designated representatives for the entity defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel") provided however, that all pleadings or other court filings that incorporate, disclose or refer to Confidential Information shall be labeled "Confidential -- Subject to Court Order," shall be filed under seal and shall remain under seal until the

Court orders otherwise. In addition, any disclosure of Confidential Information during any court proceeding shall be made in camera if possible unless the Court orders otherwise;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

3

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, *consistent with D.C.Colo.LCivR 7.2* requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any person who receives Confidential Information under this Order from another person or Party, and who is served with a subpoena for any such information, shall give counsel for the parties seven (7) days' notice (or reasonable notice if the time for compliance with the Subpoena is less than seven (7) days) before producing any such material.

4

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

So Ordered this 20TH day of December, 2012.

_____
Michael J. Watanabe
United States Magistrate Judge


AGREED AND STIPULATED:

THE LAW OFFICES OF DIANNE SAWAYA LLC

_____
Dianne Sawaya
Brianne N. Falgien
Michael Douglass-Harris
4500 Cherry Creek Drive South
Suite 1030
Denver, CO 80246
dwsawaya@dlslawfirm.com
briannefalgien@dlslawfirm.com
mdouglassharris@dlslawfirm.com
Attorneys for Plaintiff

MONTGOMERY, KOLODNY,
AMATUZIO & DUSBABEK, LLP


_/s/ John R. Chase_
John R. Chase, Esq.
Krista M. Maher, Esq.
1775 Sherman Street, 21st Floor
Denver, CO 80203
jchase@mkadlaw.com
kmaher@mkadlaw.com
Attorneys for Defendant

: